MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
THE BOURASSA LAW GROUP, LLC
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
(702) 851-2180
mbourassa@bourassalawgroup.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY DANAHER, | ) Case No.: 2:13-cv-02212-APG-VCF |
| Plaintiff, | ) |
| vs. | ) **SECOND AMENDED COMPLAINT** |
| VISION FINANCIAL CORP, | ) |
| Defendant. | ) |

COMES NOW GREGORY DANAHER (hereinafter, "PLAINTIFF"), by and through his attorney, Mark J. Bourassa, Esq. of The Bourassa Law Group, LLC, and hereby complains, alleges and states as follows:

## INTRODUCTION

1.      PLAINTIFF brings this action for actual and statutory damages arising from Defendant's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227, and the Nevada Revised Statutes, NRS 200.610 *et seq.*

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3.      Venue in this District is proper because PLAINTIFF and DEFENDANT reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

4.      PLAINTIFF is a natural person who resides in Nevada.

5.      PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.      PLAINTIFF allegedly owes (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7.      Vision Financial Corp. (hereinafter referred to as "DEFENDANT") is a New York Corporation, the principal purpose of whose business is the collection of debts.

8.      PLAINTIFF is  informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that the DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**STATEMENT OF FACTS**

9.      On or about February 5, 2013, DEFENDANT contacted PLAINTIFF from 866-950-7797 on his cellular telephone number, 702-789-9006 using an automatic dialer and/or a prerecorded voice.

10.      DEFENDANT'S call was not for emergency purposes, but was for the purpose of collecting an alleged consumer debt, and DEFENDANT did not have PLAINTIFF'S prior express consent to place calls to PLAINTIFF'S cellular telephone.

11.      PLAINTIFF informed DEFENDANT that he was not the person it was looking for and requested that DEFENDANT cease contacting him.

12.     Nevertheless, DEFENDANT continued to call PLAINTIFF'S cellular telephone on at least four (4) more occasions.

13.     DEFENDANT recorded the calls between PLAINTIFF and DEFENDANT, however, DEFENDANT did not obtain PLAINTIFF'S consent to record the calls.

14.     Furthermore, in its initial communication with PLAINTIFF, DEFENDANT failed to disclose to PLAINTIFF that it is a debt collector, that it is attempting to collect a debt, or that any information obtained would be used for that purpose.   In its subsequent communications with PLAINTIFF, DEFENDANT likewise failed to disclose to PLAINTIFF that it is a debt collector.

15.     DEFENDANT also failed to provide PLAINTIFF with a timely validation of debts disclosure.

16.     As a result of the acts and omissions of the DEFENDANT, PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

17.     PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF may have suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein.

18.     PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FDCPA 15 U.S.C. § 1692e(11)

19.      PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 18 inclusive, above.

20.     Section 1692e(11) of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(11)    The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector....

21.    DEFENDANT contacted PLAINTIFF via telephone on at least four (4) occasions. During these telephone communications with PLAINTIFF, DEFENDANT failed to make the disclosures in violation of 15 U.S.C. § 1692e(11).

22.    As a result of the violations by DEFENDANT, PLAINTIFF has suffered actual damages in an amount to be determined at trial, and is entitled to statutory damages.

23.    It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FDCPA 15 U.S.C. § 1692g

24.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 23 inclusive, above.

25.    Section 1692g of the FDCPA states in pertinent part:

**(a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
**(1)** the amount of the debt;
**(2)** the name of the creditor to whom the debt is owed;
**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

portion thereof, the debt will be assumed to be valid by the debt collector;

(**4**) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(**5**) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26.    After its initial communication with PLAINTIFF by telephone, DEFENDANT failed to provide PLAINTIFF with a timely written validation of debt disclosure in violation of 15 U.S.C. § 1692g.

27.    As a result of the violations by DEFENDANT, PLAINTIFF has suffered actual damages in an amount to be determined at trial, and is entitled to statutory damages.

28.    It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

### <u>THIRD CLAIM FOR RELIEF</u>

**VIOLATION OF THE TCPA**
**47 U.S.C. § 227(b)(1)(A)(iii)**

29.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 28 inclusive, above.

30.    47 U.S.C. § 227(b)(1)(A)(iii) provides:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*       \*       \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

31.     DEFENDANTS contacted PLAINTIFF on his cellular telephone using an automatic telephone dialing system and/or a prerecorded voice on at least four (4) occasions.

32.     DEFENDANT did not have PLAINTIFF'S prior express consent to contact him on his cellular telephone number.  In addition, the calls were not for emergency purposes, but were for the purpose of collecting an alleged debt.

33.     DEFENDANT violated 42 U.S.C. § 227 by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to PLAINTIFF'S cellular telephone number.

34.     As a result of the violations by DEFENDANT, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

35.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

## FOURTH CLAIM FOR RELIEF

### VIOLATION OF N.R.S. 200.620

36.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 25 inclusive, above.

37.     N.R.S. 200.620 provides, in pertinent part:

[I]t is unlawful for any person to intercept or attempt to intercept any wire communication unless:

(a) The interception or attempted interception is made with the prior consent of one of the parties to the communication; and

(b) An emergency situation exists and it is impractical to obtain a court order as required by NRS 179.410 to 179.515, inclusive, before the interception….

38.    The telephone calls between PLAINTIFF and DEFENDANT constitute "wire communications."

39.    DEFENDANT intercepted the communications by recording them in violation of N.R.S. 200.620. DEFENDANT did not have PLAINTIFF'S consent to record the communications, nor did an emergency situation exist for recording of the communications.

40.    As a result of the violations by DEFENDANT, pursuant to N.R.S. 200.690(1)(b), PLAINTIFF is entitled to actual and/or liquidated damages of no less than $1000.00, as well as punitive damages, to be shown specifically at the time of trial.

41.    It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor and that judgment be entered against DEFENDANT for the following:

(1)    For statutory damages pursuant to 15 U.S.C. § 1692k;

(2)    For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692;

(3)    For statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

(4)    For statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

(5)    For actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

(6)    For actual and liquidated damages pursuant to N.R.S. 200.690;

(7)     Punitive damages pursuant to N.R.S. 200.690;

(8)     For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(9)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(10)    For any and all other relief this Court may deem appropriate.

DATED this 19th day of March, 2014.

**THE BOURASSA LAW GROUP, LLC**

*s/s Mark J. Bourassa, Esq.*
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
8668 Spring Mountain Road, Suite 101
Las Vegas NV 89117
Telephone:     (702) 851-2180
Facsimile:     (702) 851-2189
*Attorneys for Plaintiff*