James K. Schultz, Esq. (NV Bar No. 10219)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 W. Monroe St., Ste.1120
Chicago, IL  60603
Telephone: (312) 578-0990
jschultz@sessions-law.biz

Attorney for Vision Financial Corp.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY DANAHER,<br><br>               Plaintiff,<br><br>    vs.<br><br>VISION FINANCIAL CORP.,<br><br><br>              Defendant.<br> | Case No.  13-cv-02212-APG VCF<br><br><br>ANSWER OF VISION FINANCIAL CORP. TO SECOND AMENDED COMPLAINT |

      Defendant, Vision Financial Corp. ("VFC"), for itself alone, responds to the Second Amended Complaint ("Complaint") filed by Plaintiff, Gregory Danaher ("Plaintiff"), as follows:

## INTRODUCTION

      1.    VFC admits that Plaintiff purports to seek redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Nevada Revised Statutes, NRS 200.610, *et seq.*, as alleged in ¶ 1 of the Complaint, but VFC

denies any and all liability, wrongdoing and damages to the extent alleged in ¶ 1 of the Complaint.

## JURISDICTION AND VENUE

2.     In response to ¶ 2 of the Complaint, VFC admits the Court has jurisdiction.

3.     In response to ¶ 3 of the Complaint, VFC admits venue is proper in this district.  Except as expressly admitted, VFC denies the remaining allegations contained in ¶ 3 of the Complaint.

## PARTIES

4.     VFC lacks sufficient information to answer the allegations contained in ¶ 4, and based thereon denies the same.

5.     VFC lacks sufficient information to answer the allegations contained in ¶ 5, and based thereon denies the same.

6.     VFC lacks sufficient information to answer the allegations contained in ¶ 6, and based thereon denies the same.

7.     VFC admits it is a corporation with its principal place of business located in Illinois. Except as expressly admitted, VFC denies the remaining allegations contained in ¶ 7.

8.     VFC admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its conduct may be governed by the applicable provisions of the FDCPA.  VFC further admits that its principal business is providing debt collection related services. Except as expressly admitted, VFC denies the  remaining allegations contained in ¶ 8.

## STATEMENT OF FACTS

9.     VFC admits its account records reflect calls were placed to the number ending in 9006.  VFC denies that its telephone system is an automatic telephone dialing system as defined by the TCPA and therefore, except as specifically admitted, denies the remaining allegations contained in ¶ 9.

10.     VFC admits it did not place any call to the number ending in 9006 for emergency purposes. Except as expressly admitted, VFC denies the remaining allegations contained in ¶ 10.

11.     VFC admits its account records reflect calls were placed to the number ending in 9006.  Except as expressly admitted, VFC denies the remaining allegations contained in ¶ 11.

12.     VFC admits its account records reflect calls were placed to the number ending in 9006.  Except as expressly admitted, VFC denies the remaining allegations contained in ¶ 12.

13.     VFC admits its account records reflect calls were placed to the number ending in 9006.  VFC avers the alleged call recordings, if any, are the best evidence concerning the question of consent.  Except as expressly admitted, VFC denies the remaining allegations contained in ¶ 13.

14.     In response to ¶ 14 of the Complaint, VFC denies that it failed to provide any required disclosures to plaintiff.

15.     In response to ¶ 15 of the Complaint, VFC denies that it failed to provide any required disclosures to plaintiff.

16.     VFC denies the allegations contained in ¶ 16.

17.     VFC denies the allegations contained in ¶ 17.

18.     VFC lacks sufficient information to answer the allegations contained in ¶ 18, and based thereon denies the same

## FIRST CLAIM FOR RELIEF

19.     VFC incorporates its responses to ¶¶ 1-18 as though fully set forth herein.

20.     In response to ¶ 20 of the Complaint, VFC avers the cited statute speaks for itself and refers all matters of law to the Court.

21.     In response to ¶ 21 of the Complaint, VFC denies that it failed to provide any required disclosures to plaintiff and denies the allegations contained in ¶ 21.

22.     VFC denies the allegations contained in ¶ 22.

23.     VFC denies the allegations contained in ¶ 23.

## SECOND CLAIM FOR RELIEF

24.     VFC incorporates its responses to ¶¶ 1-23 as though fully set forth herein.

25.     In response to ¶ 25 of the Complaint, VFC avers the cited statute speaks for itself and refers all matters of law to the Court.

26.     In response to ¶ 26 of the Complaint, VFC denies that it failed to provide any required disclosures to plaintiff and denies the allegations contained in ¶ 26.

27.     VFC denies the allegations contained in ¶ 27.

28.     VFC denies the allegations contained in ¶ 28.

### THIRD CLAIM FOR RELIEF

29.     VFC incorporates its responses to ¶¶ 1-28 as though fully set forth herein.

30.     In response to ¶ 30 of the Complaint, VFC avers the cited statute speaks for itself and refers all matters of law to the Court.

31.     VFC admits its account records reflect calls were placed to the number ending in 9006.  VFC denies that its telephone equipment is an automatic telephone dialing system or pre-recorded or artificial voice as defined by the TCPA.  Except as expressly admitted VFC denies the remaining allegations contained in ¶ 31.

32.     VFC admits it did not place any call to the number ending in 9006 for emergency purposes. Except as expressly admitted, VFC denies the remaining allegations contained in ¶ 32.

33.     VFC denies the allegations contained in ¶ 33.

34.     VFC denies the allegations contained in ¶ 34.

35.     VFC denies the allegations contained in ¶ 35.

### FOURTH CLAIM FOR RELIEF

36.     VFC incorporates its responses to ¶¶ 1-35 as though fully set forth herein.

37.     In response to ¶ 37 of the Complaint, VFC avers the cited statute speaks for itself and refers all mattrs of law to the Court.

38.     VFC avers the allegation contained in ¶ 38 is a legal conclusion which does not require a response.

39.    VFC denies the allegations contained in ¶ 39.

40.    VFC denies the allegations contained in ¶ 40.

41.    VFC denies the allegations contained in ¶ 41.

<u>AFFIRMATIVE DEFENSES</u>

<u>FIRST AFFIRMATIVE DEFENSE</u>

As a first affirmative defense, VFC alleges Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

As a second affirmative defense, VFC alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

<u>THIRD AFFIRMATIVE DEFENSE</u>

As a third affirmative defense, VFC alleges, Plaintiff knowingly and voluntarily waived his rights to obtain any or all of the relief sought in the complaint.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

As a fourth affirmative defense, VFC alleges, Plaintiff consented to and/or invited the conduct for which he seeks relief.

///

///

## FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, VFC alleges that it did not place any calls to plaintiff's number using an automatic telephone dialing system as defined by the TCPA.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, VFC alleges that it did not place any calls to plaintiff's number using an artificial or prerecorded voice.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense, VFC alleges that one or more of the alleged calls were not to a wireless a/k/a mobile a/k/a cellular phone number.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, VFC alleges that plaintiff failed to mitigate his alleged damages.

## NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, VFC alleges that plaintiff lacks standing to assert one or more of his alleged claims.

WHEREFORE, VFC respectfully requests that:

1.      Plaintiff take nothing by way of his Complaint;

2.      Judgment of dismissal be entered in favor of VFC;

3.      VFC be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4.     VFC be granted such other and further relief as the Court deems just and proper.

Dated: 4/3/14                    SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.

/s/James K. Schultz
James K. Schultz
Attorney for Defendant
Vision Financial Corp.